**Richard A. ROBERTS, Appellant,**

v.

**Margaret HECKLER, Secretary, Health and Human Services, Appellee.**

No. 85–1243.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1985.

Decided Nov. 20, 1985.

Timothy C. Harlan, Columbia, Mo., for appellant.

Robert J. Aiken, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before LAY, Chief Judge, ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

Richard Roberts filed an application for social security disability benefits on June 17, 1982, claiming a disability onset date of October 1973. In his application Roberts alleged that he was disabled from arthritis in his back and from an amputation of his right leg below the knee. The amputation occurred in 1938. The Secretary denied Roberts' application both initially and upon reconsideration. Roberts then requested an evidentiary hearing before an administrative law judge (ALJ), which was held on January 4, 1984.

Following the hearing, the ALJ determined that Roberts' impairments did not prevent him from performing his "past relevant work" as an elementary schoolteacher, and therefore, he was not under a disability. *See* 20 C.F.R. § 404.1520(e). The Appeals Council affirmed the ALJ's determination which became the final decision of the Secretary.

Roberts then filed the present action in federal district court. Upon granting the Secretary's motion for summary judgment, the district court concluded that there was substantial evidence to support the findings of the ALJ. After carefully reviewing the record, we agree with the district court that there is substantial evidence to support the Secretary's decision. Thus, we affirm.

According to the record, Roberts first began to experience back pain in 1972. In October of 1972, surgery was performed to remove a disc and to decompress a nerve root. After surgery, Roberts returned to his former teaching job. In subsequent medical examinations, Roberts told his doctor he wished to retire due to his back pain. However, the doctor clearly indicated in his medical reports that Roberts was not totally disabled and advised Roberts to continue working.

In October of 1973, Roberts stopped working full time as a teacher. Thereafter, he occasionally did some substitute teaching. He also sold real estate from 1976 to 1981.

Roberts was hospitalized on two other occasions. In 1979, Roberts was admitted to the hospital because of his back pain. His condition was diagnosed as mild degenerative disc disease and minimal degenerative arthritis. Roberts spent time in the hospital again in 1982 for dizziness due to an inner ear problem. On the day of his discharge, Roberts was reported as "doing well" and as having "no further complaints of dizziness."

Several consultative physical examinations were conducted which indicated that Roberts suffered from degenerative arthritis. With one exception, no doctor diagnosed Roberts as being totally disabled.

After considering all of the medical evidence, Roberts' work history, his testimony, his appearance and demeanor at the hearing, and the vocational expert's testimony, the ALJ determined that Roberts' impairments did not prevent him from performing his "past relevant work" as a schoolteacher. The ALJ further found that Roberts' testimony regarding his pain was exaggerated.

After our review of the record, we find substantial evidence to support the Secretary's decision that Roberts' impairment does not preclude him from performing his past work as a school-teacher. It is clear that the ALJ considered all relevant factors including Roberts' subjective complaints of pain in making his determination. While the ALJ observed that Roberts suffers from pain due to his physical impairments, the ALJ concluded that the pain

was not disabling to the extent that he was incapable of performing the duties of an elementary school-teacher. We conclude that this finding is supported by substantial evidence. *Smith v. Heckler*, 760 F.2d 184, 187 (8th Cir.1985).

Roberts also claims that the hypothetical question submitted to the vocational expert was improper because it did not set forth all of Roberts' physical impairments. Specifically, Roberts claims that the question propounded to the vocational expert did not mention either Roberts' inability to stand and sit for significant periods of time without being able to lie down, or his problems with dizziness and nausea.

It is true that the ALJ must set forth all of the claimant's disabilities when posing a hypothetical question to a vocational expert. However, the ALJ is not required to include every physiological impairment suggested by the evidence. Rather, the hypothetical is sufficient if it sets forth the impairments which are accepted as true by the ALJ. *Baugus .v. Secretary*, 717 F.2d 443, 447 n. 5 (8th Cir.1983). In reaching his determination, the ALJ considered and rejected Roberts' allegations of nausea and dizziness and of disabling pain due to sitting and standing for long periods of time.

Accordingly, we affirm the district court's decision. *See* 8th Cir.R. 14.