**Lanny R. LUDDEN, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

**No. 89–1348.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1989.

Decided Nov. 6, 1989.

---

David R. Gault, Waterloo, Iowa, for appellant.

Paul C. Lillios, Cedar Rapids, Iowa, for appellee.

Before BEAM and HENLEY, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Lanny R. Ludden appeals from the order of the district court affirming the Secretary of Health and Human Services' denial of his application for disability benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383 (1982). We reverse and remand to the district court with instructions to the Secretary to grant benefits to Ludden as of October 31, 1985.

## BACKGROUND

Ludden is a forty-year-old native American male with an eighth grade education. He was last employed as a meat truck

driver, a job that he held for nine days, on October 31, 1985. He also has worked as a mechanic's helper, an apartment caretaker, and a groundskeeper. He claims disability status based on pain, depression, and obesity. Ludden is five feet, nine inches tall and weighs two hundred and forty pounds.

Following Ludden's appeal hearing before an administrative law judge (ALJ), the ALJ found Ludden to be suffering from hyperuricemia,[1] chondromalacia of the patella,[2] low back pain, bilateral leg cramping, dysthymic disorder,[3] and mixed personality disorder. Additionally, Ludden has a history of drug and alcohol abuse, but is currently in remission. The ALJ found none of these impairments or combinations thereof to equal one of the impairments listed in the regulations. Although the ALJ found Ludden to be unable to return to his past relevant work, he found that Ludden could perform the jobs of park worker's supervisor, parking lot attendant, checkroom attendant, and small parts assembler.

Ludden raises two issues on appeal. He claims that the ALJ improperly evaluated Ludden's subjective complaints of pain and that a hypothetical question which the ALJ posed to a vocational expert improperly excluded any mention of Ludden's pain.

## DISCUSSION

### I.

The ALJ discounted Ludden's subjective complaints of pain because Ludden introduced little objective medical evidence to corroborate them. Under Eighth Circuit law, an ALJ may not discredit allegations of pain merely because of a lack of objective evidence. *Benson v. Heckler,* 780 F.2d 16, 17 (8th Cir.1985). An ALJ may discredit subjective complaints of pain only if they are inconsistent with the record as a whole. *Polaski v. Heckler,* 739 F.2d 1320,

1322 (order), *supplemented,* 751 F.2d 943 (8th Cir.1984), *vacated,* 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986), *adhered to on remand,* 804 F.2d 456 (8th Cir.1986), *cert. denied,* 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987). If an ALJ rejects a claimant's testimony regarding pain, he must make an express credibility determination detailing his reasons for discrediting the testimony. *Lanning v. Heckler,* 777 F.2d 1316, 1317 (8th Cir.1985). The ALJ here rejected the testimony of Ludden and his wife because he found what he considered to be discrepancies between the testimony at the hearing and a daily activities questionnaire that Mrs. Ludden filled out in September 1986. Reasoning that "individuals at hearings are more likely to present themselves, or their loved ones, in the light most favorable to benefit awarding," the ALJ gave greater weight to the 1986 statements. A careful examination of the testimony at hearing and the 1986 activities questionnaire reveals to us no inconsistencies other than evidence that Ludden's condition has worsened since he first applied for benefits. The ALJ relied on Mrs. Ludden's 1986 statement that Ludden drove her to the grocery store and tried to help with household chores to find that Ludden was not disabled. This court has noted previously, however, that "[a]n applicant need not be completely bedridden or unable to perform any household chores to be considered disabled." *Easter v. Bowen,* 867 F.2d 1128, 1130 (8th Cir.1989). Similarly, evidence that the applicant can drive a car is not dispositive of the disability question. *Yawitz v. Weinberger,* 498 F.2d 956, 960 (8th Cir.1974) (citation omitted). We therefore believe that the ALJ erred in discrediting Mrs. Ludden's testimony.

Ludden also claims that the ALJ improperly applied a "sit and squirm" test at the hearing to discount Ludden's complaints of pain. Subjective complaints of pain may not be rejected solely on the basis

---

1. Hyperuricemia is an excess of uric acid in the blood. It causes gout and may lead to renal disease. *Dorland's Illustrated Medical Dictionary* 636 (26th ed.1985).

2. Chondromalacia of the patella is the softening of the articular cartilage of the kneecap. *Dor-*

*land's Illustrated Medical Dictionary* 262 (26th ed.1985).

3. This disorder is a long-term repetitive depressive trait. Administrative Agency Record at 218.

of the ALJ's personal observations. *Douglas v. Bowen*, 836 F.2d 392, 396 (8th Cir. 1987); *Lanning v. Heckler*, 777 F.2d 1316, 1317 (8th Cir.1985). Although the ALJ noted that he was not permitted to judge Ludden's allegations of pain solely on his own observations, the ALJ appears to have placed great weight on his observations of Ludden at the hearing. The record indicates that Ludden was taking four different prescription pain medications at the time of the hearing, and had been for at least one year. Additionally, from the time Ludden applied for benefits to the time the administrative hearing was held, Ludden consulted and was treated by three different doctors at least thirty-nine times. The ALJ's finding that Ludden's complaints of pain were not credible because his medical treatment was only sporadic therefore is erroneous.

 One of Ludden's treating physicians had placed him on a 1000 calorie per day diet to lose weight. Ludden testified that he had difficulty following the diet because his finances would not permit him to buy the kinds of food he needed to stay on the diet. The ALJ concluded, however, that "Ludden's failure to comply with the diet program suggested by his own treating physician relates more to a perception on the part of the claimant that his problems are not severe rather than any reason." In determining whether an impairment is reasonably remediable, "the question is whether it is reasonably remediable by the particular individual involved, given his or her social and psychological situation." *Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984). There was testimony that one of Ludden's medications, which he takes four times a day, has to be taken with food. Additionally, Ludden stated that his constant pain prevents him from engaging in most forms of exercise. He testified that he could walk only about five blocks at a time, and that it took him forty-five minutes to walk that distance. Given these facts, the ALJ's conclusion that Ludden's failure to lose weight was willful is erroneous.

It may well be that if Ludden were enrolled in a closely supervised rehabilitation and weight control program, he could regain the ability to perform sedentary or light work.[4] The proper authorities should give him every encouragement to get involved in such a program. Ludden's successful participation in such a program would not only save money for the Social Security disability fund, but also would lead to a healthier and happier life for Ludden. Because of Ludden's age, education, and background, however, he obviously will need substantial support to reach this goal. Should Ludden succeed in regaining the ability to work, the Secretary obviously may discontinue his benefits.

## II.

Ludden also claims that the ALJ asked improper hypothetical questions of the vocational expert who testified at the hearing, because the questions failed to include all of Ludden's physical and mental impairments. *See O'Leary v. Schweiker*, 710 F.2d 1334, 1343 (8th Cir.1983) (a hypothetical question posed to a vocational expert must precisely set out all of a claimant's impairments). The ALJ failed to include any mention of Ludden's allegations of pain in his hypothetical. An ALJ must include in his hypothetical any allegations of pain or set forth his reasons for excluding them. *Ledoux v. Schweiker*, 732 F.2d 1385, 1388 (8th Cir.1984). The hypotheticals posed made no mention of Ludden's allegations of pain. Consequently, the questions were defective and the ALJ improperly based his findings upon the vocational expert's answers to them.

Because we believe that the ALJ erroneously denied Ludden benefits, we reverse the district court and remand the case with instructions to the Secretary to award benefits to Ludden as of October 31, 1985.

---

4. *Cf. Tome v. Schweiker*, 724 F.2d 711, 713–14 (8th Cir.1984) (awarding benefits to claimant who lacked financial resources, discipline, and education needed to follow strict dietary regimen).