Margie M. PENN, Appellant,

v.

Louis W. SULLIVAN, M.D.,* Secretary
of Health and Human
Services, Appellee.

No. 89–1175.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1989.

Decided Feb. 13, 1990.

Gerald Hill, Hannibal, Mo., for appellant.

Henry J. Fredericks, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

---

* Louis W. Sullivan, M.D., succeeded Otis R. Bowen, M.D., as Secretary of Health and Human Services in March 1989. Pursuant to Fed.R. App.P. 43(c)(1), his name is properly substituted as appellee in this suit.

FLOYD R. GIBSON, Senior Circuit Judge.

Margie M. Penn appeals the decision of the district court[1] affirming the Secretary of Health and Human Services' decision denying disability insurance benefits and supplemental security income benefits. We reverse.

## I. BACKGROUND

Margie M. Penn applied for disability benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383 (1982), alleging disability since August 1984 due mainly to arthritis and atopic dermatitis. Her applications were denied initially and on reconsideration. Penn then requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on June 19, 1986, after which the ALJ rendered a decision denying benefits. The Appeals Council denied Penn's request for review, rendering the ALJ's decision the final decision of the Secretary. Penn next sought review of the Secretary's decision in federal district court. The district court referred the case to a magistrate[2], who recommended that the Secretary's decision be reversed. The district court declined to follow the magistrate's recommendation and instead affirmed the Secretary's decision denying benefits. This appeal followed.

Penn is 45 years old and has a 9th grade education. She worked as a nurse's aide continuously from 1967 through 1982. She claims that she has been unable to work since September 1984. Her medical history indicates that she has a lifelong history of atopic dermatitis and a recent history of arthritis, asthma, high blood pressure, poor circulation, obesity, and psychological problems.

The record reveals that Penn first sought medical treatment for arthritis in June 1983, at which time she was experiencing pain in her hip and back. Her physician diagnosed acute somatic dysfunction of the right lumbosacral area and left shoulder aggravated by chronic postural strain and obesity. Penn's physician also noted that Penn had chronic degenerative changes on the thoracic and lumbar spine. Those diagnoses were repeated on several later occasions on the basis of both office examinations and x-rays. Her physician prescribed pain medication and instructed her to wear a lumbar support to help relieve the pain.

Penn also has a lifelong problem of atopic dermatitis, a chronic inflammatory condition of the skin. For this problem Penn has used topical and oral steroids, which have caused excessive thinning of her skin, aggravated her arthritis, and decreased her resistance to infection. The record indicates that she has repeatedly sought treatment for her dermatitis and has been treated as an inpatient for it on at least three occasions.

Penn also suffers from asthma, which causes attacks of shortness of breath and limits her ability to do manual labor. In 1981 she was diagnosed as having obstructive pulmonary disease, and that diagnosis has been repeated in recent years. She uses an inhaler and takes medication to combat her shortness of breath.

Penn also has a history of psychological problems. She was treated as an inpatient in 1978, at which time she was diagnosed as having chronic depressive neurosis with severe psychomotor retardation. She was diagnosed again in 1981 as having atypical dissociative disorder. Records also indicate that she sought treatment for depression and anxiety in 1985 and was diagnosed with chronic dysthymic reaction in early 1986.

Two physicians completed Functional Capacity Reports in which they assessed Penn's ability to work. Penn's treating physician, Dr. R. Lewis, expressed the opinion in a report dated June 12, 1986, that because of her impairments Penn could not sit for more than four hours per day and

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

2. The Honorable Robert D. Kingsland, United States Magistrate for the Eastern District of Missouri.

could not stand or walk for more than two hours per day. Dr. Lewis further stated that Penn has respiratory restrictions, severe osteoarthritis, and difficulties with mental concentration. Record at 191–93. The second physician, Dr. Stanley Vreezelaar, stated in a report dated November 11, 1986, that Penn could not sit, stand, or walk for more than two hours per day. Record at 240–42.

Penn testified that she experiences constant pain in her hip and back whether she is sitting or standing. She stated that she gets frequent headaches from muscle spasms in her neck and spine. She is able to do housework for only one hour at a time up to four hours in a day and can walk for only ten minutes at a time. She testified that she takes medication for pain, which does not relieve it, and that she also takes shots which bring a little relief. Two or three days each week she lays on the couch all day due to fatigue and pain. Penn also explained that the salve she uses to treat her atopic dermatitis has caused severe thinning of her skin and poor circulation, which bring about pain in her legs when she stands. Regarding her psychological condition, Penn testified that she is nervous, gets upset easily, and has difficulty concentrating and remembering things. She also stated that because of nervousness and shortness of breath she often has difficulty sleeping. Record at 39–56.

The ALJ found, and the Secretary does not dispute, that Penn is unable to return to her past relevant work as a nurse's aide. Thus, as the ALJ noted, the burden shifted to the Secretary to prove the existence of alternate jobs in significant numbers that Penn could perform. The ALJ disbelieved Penn's subjective complaints of pain and discredited Dr. Lewis's opinion that Penn could not work an eight-hour day. The ALJ stated that Penn was not "persuasive or convincing with regard to [the] severity of her symptoms" and that Dr. Lewis's report and Penn's subjective complaints were not supported by clinical findings. Opinion of A.L.J. at 6, Record at 16. Accordingly, the ALJ determined that "the claimant does retain the capacity to work a

normal eight hour shift, as long as she is allow [sic] to sit or stand at will." *Id.*

Because Penn had significant nonexertional limitations, the ALJ sought the opinion of a vocational expert ("VE") to determine whether there were jobs in the national economy that she could perform. The ALJ posed two different questions to the VE setting forth a hypothetical claimant's impairments. In response to the first the VE stated that there are jobs in significant numbers that the claimant could perform; in response to the second the VE stated that there are no jobs that the claimant could perform.

The ALJ ultimately concluded that Penn was not disabled, relying in part on the VE's answer to the first hypothetical question in which the VE stated that there are jobs in the national economy that the claimant in the hypothetical question could perform.

We find that the Secretary's decision is not supported by substantial evidence in the record as a whole and thus reverse and remand the district court's decision.

## II. DISCUSSION

### A. Subjective Complaints of Pain

It is well established in this circuit that an ALJ must give serious consideration to a claimant's subjective complaints of pain. *Smith v. Schweiker,* 728 F.2d 1158, 1163 (8th Cir.1984). Although the ALJ in this case articulated the requirement from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.1984), that full consideration must be given to all of the evidence relating to subjective complaints, it appears that the only factor to which the ALJ in this case gave any significant weight was the perceived absence of objective medical evidence supporting Penn's complaints. Our cases have consistently held that the lack of objective evidence is but one factor an ALJ may consider in evaluating subjective complaints of pain but may not serve as the sole basis for disregarding those complaints. *See Ludden v. Bowen,* 888 F.2d 1246, 1248 (8th Cir.1989); *Butler v. Secretary of Health and Human Services,* 850 F.2d 425, 429 (8th Cir.1988); *MacDonald v.*

*Bowen,* 850 F.2d 455, 457 (8th Cir.1988); *Brown v. Heckler,* 787 F.2d 447, 449 (8th Cir.1986).

■ Of course, an ALJ may disbelieve a claimant's subjective complaints based on inconsistencies in the evidence. *See Beeler v. Bowen,* 833 F.2d 124, 127 (8th Cir.1987); *Douthit v. Bowen,* 821 F.2d 508, 509 (8th Cir.1987); *Isom v. Schweiker,* 711 F.2d 88, 90 (8th Cir.1983). Here, however, the ALJ did not identify any such inconsistencies but rejected Penn's subjective complaints because of what he viewed as a lack of objective evidence supporting them.

■ We recognize that the ALJ also stated as a reason for disbelieving Penn's subjective complaints that he did not find her to be persuasive or convincing regarding the severity of her symptoms. It is true that an ALJ may make credibility determinations. *See Tome v. Schweiker,* 724 F.2d 711, 713 (8th Cir.1984); *Simonson v. Schweiker,* 699 F.2d 426, 429 (8th Cir.1983). However, the ALJ in this case disbelieved Penn primarily because of a lack of objective evidence and gave no explanation for his decision that Penn was not credible. We have cautioned before that an ALJ may not circumvent the rule that objective evidence is not needed to support subjective complaints of pain under the guise of a credibility finding. *See Smith,* 728 F.2d at 1163; *Tome,* 724 F.2d at 713; *Simonson,* 699 F.2d at 429.

Because the ALJ improperly discredited Penn's subjective complaints of pain, we find that his conclusion that Penn is not disabled is not supported by substantial evidence in the record as a whole and we reverse and remand this case for further action. On remand the ALJ should give serious consideration to Penn's subjective complaints of pain and should not discredit them solely because of a lack of objective medical evidence or solely on the basis of his personal observation. As we have stated before, "[i]t is simply insufficient for the ALJ to suggest in conclusory fashion" that complaints of pain are not credible. *Streis-*

*sel v. Schweiker,* 717 F.2d 1231, 1233 (8th Cir.1983) (per curiam).

**B. Hypothetical Questions to the Vocational Expert**

Because we find that the ALJ's conclusion that Penn's subjective complaints were not credible is not supported by substantial evidence, on remand the ALJ should pose a new question to the VE that includes all of Penn's mental and physical impairments that the ALJ finds to be credible after serious consideration of all of the evidence.

Although our decision to remand necessitates the framing of a new question for the VE, we think that the ALJ's use of the VE's responses to the hypothetical questions in this case warrants comment. As explained above, the ALJ posed two hypothetical questions to the VE. In the first the ALJ asked the VE to assume, among other things, that the claimant could sit for a maximum of four hours in an eight-hour day, and could stand for a maximum of one hour in an eight-hour day.[3] The VE responded that there are a number of jobs available that the claimant could perform. However, the VE explicitly qualified his response by stating that this was the case only if it was assumed that the claimant had the capacity to work a full eight-hour day. Record at 229.

The second question asked the VE to assume, among other things, that the claimant could sit for one hour in a day, could walk for ten minutes at a time, and could perform household chores for a maximum of four hours in a day. The VE responded to this question with the opinion that there would be no jobs that the claimant could perform. Record at 230.

In his opinion, the ALJ relied on the VE's response to the first question as support for his conclusion that there are a significant number of jobs in the national economy that Penn could perform. The ALJ did not mention the VE's response to the second question.

■ In relying upon the VE's response to the first question, the ALJ failed to

---

**3.** That the ALJ instructed the VE to assume these particular facts is puzzling in light of the ALJ's prior factual finding that Penn could work a full eight-hour day.

acknowledge that the VE had significantly qualified his response. That is, in responding to the first question the VE substantially changed the hypothetical and assumed that the claimant could work a full day, even though he had been instructed to assume that the claimant could sit no more than four hours in a day and could stand for less than one hour. Fairly read, the VE's response to the first hypothetical question does not express any opinion about whether the claimant could work a full eight-hour day; it only states that *assuming* that the claimant could work an eight-hour day there are jobs that she could perform with her impairments. Thus, the ALJ's reliance on the VE's first response, without any consideration of the narrowness of the VE's answer, was improper. We do not believe that it constitutes substantial evidence, if any, to support the finding that Penn is not disabled.

On remand the ALJ should pose a question to the VE which precisely sets forth all of Penn's physical and mental impairments that are accepted as true by the ALJ. *See Bradshaw v. Heckler*, 810 F.2d 786, 790 (8th Cir.1987) (the hypothetical question to the VE "must state with precision the physical and mental impairments of the claimant"); *Roberts v. Heckler*, 783 F.2d 110, 112 (8th Cir.1985) (per curiam) ("the hypothetical is sufficient if it sets forth the impairments which are accepted as true by the ALJ"). If the ALJ excludes allegations of pain or other evidence from the hypothetical he must set forth his reason for so doing. *See Ludden*, 888 F.2d at 1249. In deciding which impairments he accepts as true, the ALJ must give serious consideration to all the evidence presented, including Penn's subjective complaints of pain.

### III. CONCLUSION

For the reasons stated this case is reversed and remanded to the district court with directions to remand to the Secretary of Health and Human Services for action consistent with this opinion.