Bennie WISEMAN, Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.

No. 89–2788.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1990.

Decided June 12, 1990.

**1154**

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Joseph B. Liken, Dallas, Tex., for appellee.

1. The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

Before MAGILL and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Bennie Wiseman appeals from the district court's[1] decision which affirmed the Secretary's decision denying his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. He argues on appeal that the Secretary's decision is not supported by substantial evidence on the record as a whole. We disagree and thus affirm the district court's decision.

## I. BACKGROUND

Wiseman first filed applications for disability benefits and supplemental security income in October 1983. The Secretary twice denied benefits, and after each denial the district court remanded the case to the Secretary for further proceedings. The instant appeal follows Wiseman's third hearing before an Administrative Law Judge ("ALJ"), after which the ALJ again denied his claim for benefits. The Appeals Council adopted the findings and conclusions reached by the ALJ, and the district court affirmed the Secretary's decision.

Wiseman is 40 years old and has a fifth grade education. He has past relevant work experience as a truck driver, mechanic, carpenter, and forklift operator. He is currently working as a heavy equipment operator and truck driver. He alleges that he was disabled from July 18, 1983, to July 25, 1984, due to a hand injury and back problems. It is undisputed that he met the insured status requirements throughout that period.

The evidence reveals that on July 18, 1983, Wiseman accidentally punctured his left index finger with a paint gun. Soon thereafter he developed cellulitis and lymphangitis in his left arm. Dr. Lee Milford, a hand specialist, determined that Wise-

man's injured finger had become gangrenous and performed an amputation on July 25, 1983.

Dr. Milford reported in October 1983 that Wiseman was able to return to work as far as his hand was concerned. However, at that time Wiseman had new symptoms that impaired his ability to work. He had suffered a fall in September 1983 and was suffering from low back pain which was radiating to his right leg. He was diagnosed as having a herniated lumbar disc. He underwent a surgical laminectomy with disc excision on December 30, 1983. His postoperative progress was uncomplicated.

The first hearing before an ALJ in this matter was held on May 17, 1984. At that hearing Wiseman testified that after his back surgery his physician released him to return to work on April 20, 1984. He testified that he tried to return to his former job at that time but his former employer did not have a position available for him. He admitted that for the two weeks prior to the hearing he had been working part-time for 2–4 hours per day doing concrete finishing and roofing, but testified that it was difficult because he was still experiencing back pain. Administrative Transcript, Part I at 34–35, 46–47.

The second hearing was held on April 9, 1986. There, Wiseman testified that he returned to full-time work as a truck driver on June 15, 1984. Administrative Transcript, Part II at 198–200. Then, at the third hearing, which was held on June 22, 1987, Wiseman testified that at the prior hearing he had incorrectly estimated the date of his return to work and that the actual date was July 25, 1984. Wiseman testified at the third hearing that he performed no work from the time of his finger injury until July 25, 1984. He produced documentary evidence from his employer verifying July 25, 1984, as the date of his return to work after his back surgery. Administrative Transcript, Part III at 250, 255–56.

The ALJ (from the third hearing) discredited Wiseman's claim that he could not perform his past relevant work until July 25, 1984, and instead held that he had the capacity to perform his past relevant work as a truck driver as of April 20, 1984, the date on which his physician declared him able to return to work with some restrictions. Thus, the ALJ held that Wiseman failed to show that he had a physical or mental impairment that lasted for at least 12 months as required by the Social Security Act. *See* 42 U.S.C. § 423(d)(1)(A) (1982). That is, his finger injury impaired him from July 18, 1983, through October 5, 1983, and his back injury impaired him from September 16, 1983, through April 20, 1984. Based on these dates, the ALJ concluded that Wiseman failed to meet the 12–month durational requirement regardless of whether his impairments were treated singularly or in combination.

The ALJ went on to hold, however, that even assuming that Wiseman was disabled by his back pain until July 25, 1984, a denial of benefits was still in order because under the Social Security Regulations unrelated impairments cannot be combined to meet the 12–month durational requirement. Citing 20 C.F.R. §§ 404.1522 and 416.922, the ALJ stated: "If a claimant develops a severe impairment and then develops another unrelated severe impairment but neither one is expected to last for 12 months, he cannot be found disabled even though the two impairments in combination last for 12 months." Opinion of ALJ, Addendum to Appellant's Brief at 7–8.

On judicial review, the district court found that substantial evidence on the record as a whole supported the Secretary's conclusion that Wiseman had the capacity to perform his past relevant work beginning on April 20, 1984. The district court went on to conclude that even if it accepted Wiseman's claim that he could not perform substantial gainful activity until July 25, 1984, a finding of not disabled was still proper because the Social Security Regulations specifically disallow "stacking" of unrelated impairments to meet the 12–month durational requirement.

## II. DISCUSSION

■ Our review of the Secretary's factual findings is limited. We must accept

those findings unless they are not supported by substantial evidence on the record as a whole. This standard of review requires us to do more than only conduct a "search for the existence of substantial evidence supporting [the Secretary's] decision." *Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir.1989). We must also "take into account evidence in the record which fairly detracts from [the Secretary's] decision." *Id.* (citation omitted)

■ The ALJ found that Wiseman could perform his past relevant work beginning on April 20, 1984. Wiseman disputes that finding and argues that he was disabled until July 25, 1984. Resolution of this dispute is critical because in order to qualify for benefits Wiseman bears the burden of proving that he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that lasted for at least twelve months. *See* 42 U.S.C. § 423(d)(1)(A) (1982); *Nettles v. Schweiker*, 714 F.2d 833, 836 (8th Cir.1983). If Wiseman was able to perform substantial gainful employment as of April 1984, then, even assuming that he can stack his two impairments together to meet the durational requirement, his claim still fails because his first impairment commenced in July 1983.

■ We find substantial evidence on the record as a whole to support the ALJ's conclusion that Wiseman could perform his past relevant work as of April 20, 1984. It is undisputed that Wiseman's physician released him to return to work as of that date with restrictions as to bending and lifting. Wiseman testified in his first hearing that he tried to get a full-time job at that time but could not find one, and that he worked part-time for two weeks in April–May 1984 at a job that required heavy physical exertion.

■ The evidence in the record that detracts from the finding that Wiseman could perform his past relevant work by April 20, 1984, is Wiseman's testimony that his back pain at that time was too severe to allow full-time work. We recognize that the ALJ must give serious consideration to a claimant's subjective complaints of pain, *see*

*Smith v. Schweiker*, 728 F.2d 1158, 1163 (8th Cir.1984), and should not discredit those complaints solely because of a lack of medical evidence supporting them. *See Penn v. Sullivan*, 896 F.2d 313, 315 (8th Cir.1990); *Ludden v. Bowen*, 888 F.2d 1246, 1248 (8th Cir.1989). However, an ALJ may reject a claimant's subjective complaints of pain based on inconsistencies in the record. *See Beeler v. Bowen*, 833 F.2d 124, 127 (8th Cir.1987); *Smith*, 728 F.2d at 1163.

In this case, the ALJ rejected Wiseman's subjective complaints of pain pertaining to the period between April 1984 and July 1984. In doing so, the ALJ noted inconsistencies in the record that led him to disbelieve Wiseman. We are satisfied that the ALJ properly discredited Wiseman's subjective complaints, and did not do so only on the basis of a lack of evidence or because of his personal assessment of Wiseman's credibility.

The ALJ noted that at the first hearing Wiseman testified that he tried to get full-time work when his physician released him but was not able to find a job. He did, however, find part-time work and had been working 2–4 hours per day doing physical labor for the two weeks prior to his first hearing, which was held on May 17, 1984. Wiseman later contradicted his testimony about when he returned to work. At his second hearing he testified that he returned to work on June 15, 1984, and at his third hearing he testified that he did not perform any work, full- or part-time, until July 25, 1984. The ALJ noted this inconsistency and stated that it "has a great deal of bearing on the claimant's credibility." Opinion of ALJ, Addendum to Appellant's Brief at 7. We believe that this inconsistency in Wiseman's testimony, coupled with his physician's release as of April 20, 1984, constituted sufficient justification for the ALJ's disbelief of Wiseman's subjective complaints of pain pertaining to the period between April 1984 and July 1984.

In short, we find that substantial evidence on the record as a whole supports the ALJ's conclusion that Wiseman had the capacity to return to his past relevant work

beginning in April 1984. Thus, the ALJ was correct in denying benefits because Wiseman was not under a physical or mental impairment for at least 12 months, as required by the Social Security Act. His impairment commenced in July 1983 with his finger injury, and it ceased in April 1984. Even assuming that the two unrelated impairments can be stacked together to satisfy the durational requirement, Wiseman has failed to satisfy that requirement because he has shown that he was under an impairment only for, at most, ten months.

Because of this finding, we need not reach the legal issue of whether a claimant may stack two or more unrelated impairments together to meet the 12–month durational requirement. We note that the Secretary has promulgated regulations that address this issue and provide that stacking is not permitted.[2] However, because in this case Wiseman fails to meet the durational requirement whether or not stacking is permitted, we do not have occasion at this time to render an opinion on the validity of the Secretary's regulations.

## III. CONCLUSION

We hold that substantial evidence on the record as a whole supports the Secretary's finding that Wiseman could perform his past relevant work as of April 1984. Therefore, he fails to meet the 12–month durational requirement and is not entitled to disability benefits or supplemental security income. The district court's decision is affirmed.

---

**2.** 20 C.F.R. §§ 404.1522 and 416.922 provide: We cannot combine two or more unrelated severe impairments to meet the 12–month duration test. If you have a severe impairment(s) and then develop another unrelated severe impairment(s) but neither one is expected to last for 12 months, we cannot find you disabled, even though the two impairments in combination last for 12 months. 20 C.F.R. § 404.1522 (1989); 20 C.F.R. § 416.922 (1989).