**Larry Dean ABORN, Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of the Department of Health and Human Services, Appellee.**

**No. 91–3022.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1992.

Decided March 19, 1992.

Joan H. Deans, Raytown, Mo., for appellant.

Gay L. Tedder, Kansas City, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and BATTEY,* District Judge.

PER CURIAM.

On September 8, 1986, Larry Dean Aborn filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging disability since April 16, 1986. Aborn asserted that his disability resulted from the combination of previous impairments and a fall he suffered on that date. An Administrative Law Judge initially rejected Aborn's claim on September 15, 1987, and the Appeals Council denied Aborn's request for review, rendering the ALJ's decision the final decision of the Secretary of Health and Human Services. A federal district court, however, remanded the case for further proceedings consistent with its opinion. After a second administrative hearing, the ALJ again denied Aborn's claim on September 28, 1989, and the Appeals Council adopted the ALJ's second recommended decision. As before,

* The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

Aborn sought judicial review, but this time the district court affirmed the denial of benefits on July 2, 1991. Aborn appeals the second order of the district court. We affirm.

We agree in nearly every respect with the well-reasoned opinion of the district court and believe that a detailed review of its analysis would serve no precedential value. *See* 8th Cir.R. 47B. One issue, however, deserves our attention. In denying Aborn's claims for benefits, the ALJ discredited Aborn's testimony that he had to take a nap every afternoon because of fatigue resulting from his various impairments. The district court found that the ALJ had discredited this portion of Aborn's testimony based solely on the lack of medical evidence to support it. This portion of the ALJ's decision appears to conflict with *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984), in which we held that an ALJ cannot reject subjective complaints of pain based solely on the lack of medical support, but instead must consider a variety of factors.[1] The district court, however, ruled that the ALJ had not acted improperly. Relying on *Ruhl v. Bowen*, 710 F.Supp. 255, 258–59 (W.D.Mo.1989), the court reasoned that *Polaski* does not apply to fatigue. The district court concluded, therefore, that the ALJ did not improperly reject Aborn's complaints of fatigue.

■ Although we agree with the district court's conclusion, we disagree with its reasoning. The district court's reading of *Ruhl* is questionable, and regardless, this court has indicated that an ALJ must apply *Polaski* in evaluating subjective complaints of fatigue. *See Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir.1990) (complaints of fatigue and psychological pressure); *Penn v. Sullivan*, 896 F.2d 313, 315–16 (8th Cir.1990) (complaints of fatigue and pain). We do not reverse the district court, however, because we believe that the ALJ did follow *Polaski* here. The district court focused on a short commentary by the ALJ concerning Aborn's complaint of fatigue. *See Aborn v. Sullivan*, No. 88–0470–CV–SJ–6, Memorandum and Order at 13 (W.D.Mo.1991). Although the ALJ's commentary emphasized the lack of medical support for Aborn's complaint, the commentary must be examined in its full context. The commentary was part of a long paragraph discussing the lack of medical support for several of Aborn's physical claims, which in turn, was part of a larger discussion covering the various *Polaski* factors. The ALJ's discussion outlined inconsistencies in the record as a whole. *See* Recommended Decision of ALJ at 5–6 (Sept. 28, 1989). Under *Polaski*, the ALJ may disbelieve subjective complaints in such circumstances. *Polaski*, 739 F.2d at 1322. Because we believe that substantial evidence exists in the record as a whole to support the ALJ's findings of inconsistency, we agree with the district court that the ALJ did not improperly reject Aborn's subjective complaint of fatigue. The order of the district court, therefore, is affirmed.

---

1. Under *Polaski,* an ALJ must consider the claimant's prior work record; and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities; the duration, frequency and intensity of pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restriction. *Polaski,* 739 F.2d at 1322.