William DAVIS, Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Appellee.

No. 93–4045.

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1994.

Decided Aug. 16, 1994.

Gregory Peterson, Des Moines, IA, argued, for appellant.

William Purdy, Des Moines, IA, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN, Circuit Judge, and HAMILTON,[*] District Judge.

WOLLMAN, Circuit Judge.

William Davis appeals the judgment of the district court[1] affirming the Secretary's denial of supplemental security income (SSI) benefits for Davis's claim of disability. We affirm.

## I. BACKGROUND

In January 1991, Davis filed this application for SSI benefits, alleging disability as of 1979 due to arthritis in his back, knees, and hips, patella replacement of the left knee, and heart problems.[2] His application was denied initially and upon reconsideration. At Davis's request, an Administrative Law Judge (ALJ) conducted a hearing on November 13, 1991, at which Davis was represented by counsel.

At the time of the hearing, Davis was fifty-five years old, was 68 or 69 inches tall, and weighed 247 pounds. Davis had completed eight grades of schooling and had obtained his high school general equivalency diploma. He had worked until 1983 at various times as an apartment manager, a short-order cook, and a car cleaner.

Davis underwent cardiac catheterization in January 1991 and percutaneous transluminal coronary angiography in June 1991. He testified that he had not had any problems or chest pains since shortly after the June surgery. Davis testified that the physical problem which kept him from working was arthritis in his back, hip joints and knees. He stated that he felt pain in his hips and knees when he walked more than 100 to 150 feet and that if he sat down for twenty minutes to one-half hour the pain would go away. He testified that he could stand for no more than one-half hour, using a cane for support; could sit for no more than an hour; could not bend, stoop, squat, kneel, or crawl; could not operate foot controls with his left foot; could lift ten pounds and walk with it; and could lift forty pounds standing. Davis further testified that cold and damp weather made him ache and that he experienced shortness of breath in extremely hot or cold weather.

A vocational expert (VE) testified that Davis's physical limitations precluded him from performing his past relevant work. The VE stated that Davis had acquired public relations and record maintenance skills from his position as an apartment manager that would transfer to such jobs as motel desk clerk and information clerk. The ALJ propounded a hypothetical to the VE that assumed Davis's age, education, work experience, and exertional limitations of "lifting no more than 40 pounds, routinely lifting 10 pounds, with no lifting and carrying of more than 10 pounds, no standing of more than a half hour at a time, no sitting of more than an hour at a time and no walking of more than 100 to 150 feet, with no repetitive bending, stooping, squatting, kneeling, crawling, climbing or pushing and pulling, no repetitive

---

[*] The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri, sitting by designation.

[1.] The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

[2.] Davis previously filed an application for SSI benefits on May 1, 1989. The application was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge in October 1989, who found that Davis was not disabled within the meaning of the Social Security Act. The Appeals Council turned down the request for review on June 6, 1990. Davis did not appeal the decision. Davis filed another application for SSI benefits on July 17, 1990. The application was denied on August 20, 1990. Davis did not pursue further administrative proceedings.

operation of foot controls on the left and no work requiring continuous use of the left hand for tactile sensation." The ALJ added that this individual should avoid exposure to extremes of heat, humidity, and cold and should not work at unprotected heights. The VE replied that, with the limitations given in the hypothetical, the individual could perform the jobs of motel desk clerk, with 990 jobs in Iowa and 78,000 nationally, and information clerk, with 700 jobs in Iowa and 23,000 nationally.

The ALJ concluded that Davis was not disabled for the purposes of the Social Security Act. He determined that Davis had severe impairments but that he did not have an impairment or combination of impairments listed in the regulations. He found Davis's testimony regarding his functional restrictions "essentially credible," and concluded that Davis had the functional capacity to perform the requirements of work "except for lifting of more than 40 pounds at a time on occasion, lifting and carrying of more than 10 pounds frequently, standing longer than 30 minutes at a time, sitting longer than 60 minutes at a time, walking farther than 100 to 150 feet, continuous use of the left hand for tactile sensation, exposure to heat or humidity or cold, work at heights, or repetitive bending, stooping, squatting, kneeling, crawling, climbing, pushing, pulling, or operation of foot controls on the left." The ALJ stated that, given these restrictions, Davis could not perform his past relevant work as an apartment manager, short order cook, or car cleaner. He concluded, however, that Davis could transfer the acquired skills of public relations and record maintenance from his past work to other skilled or semi-skilled work and that, considering Davis's age, education, previous work experience, and residual functional capacity, semi-skilled jobs still existed in significant numbers in the national economy that Davis could perform, including work as a motel desk clerk or information clerk. The ALJ noted that Davis did not submit any evidence that warranted a reopening of the prior denials of SSI benefits.

The Appeals Council declined review. On cross-motions for summary judgment, the district court granted summary judgment for the Secretary, concluding that substantial evidence supported the Secretary's decision. This appeal followed, in which Davis argues that the Secretary's decision is not supported by substantial evidence on the record as a whole because the hypothetical considered by the VE was inaccurate, confusing, and incomplete; the ALJ incorrectly determined that Davis had transferable skills; and the ALJ erred in disregarding evidence of disability given by Davis's treating physician.

## II. DISCUSSION

■ As an initial matter, we must address Davis's argument that the present ALJ was bound by the determination of the ALJ at his 1989 hearing that Davis was capable of not more than sedentary work. Even assuming that res judicata would apply against the current claim, Davis's argument fails for several reasons. First, the 1989 ALJ's finding is unclear: he found that Davis had the residual functional capacity to perform sedentary work, yet found that Davis could return to his past job "as an apartment house manager as described in the Dictionary of Occupational Titles." The Dictionary of Occupational Titles describes the physical demands of an apartment house manager as "light," not sedentary. 2 *Dictionary of Occupational Titles* 138 (4th ed. Rev.1991). Second, the only capabilities which the present ALJ found Davis possessed that exceeded sedentary work were the occasional lifting of 40 pounds and the frequent lifting of 10 pounds—findings based upon Davis's own testimony at the 1991 hearing. *See* 20 C.F.R. § 404.1567(a) (1993). Third, the jobs which the present ALJ found that Davis could perform—information clerk and motel desk clerk—are listed as sedentary in the Dictionary of Occupational Titles. *See* 2 *Dictionary of Occupational Titles* 182, 207 (4th ed. Rev.1991).

■ Davis also argues that the hypothetical question the ALJ posed to the VE was inaccurate, confusing, and incomplete. We disagree. A hypothetical question "is sufficient if it sets forth the impairments which are accepted as true by the ALJ." *Roberts v. Heckler*, 783 F.2d 110, 112 (8th Cir.1985). The ALJ found Davis's testimony

regarding his limitations "essentially credible" and based the hypothetical specifically on those limitations. Davis contends that the hypothetical was incomplete because it did not specify Davis's capabilities over an eight-hour day, citing *Penn v. Sullivan*, 896 F.2d 313 (8th Cir.1990). In *Penn*, we held that the ALJ's reliance on the VE's answer to a hypothetical question was improper and did not constitute substantial evidence to support a finding that the claimant was not disabled. Our conclusion was based on the fact that the VE substantially changed the hypothetical by assuming that the claimant could work a full day, even though the ALJ instructed him to assume that the claimant could sit no more than four hours and stand for less than an hour in an eight-hour day. *Id.* at 317. In the present case, the VE gave an unqualified response to the hypothetical asked and, unlike in *Penn*, the hypothetical did not assume that Davis could sit and stand for less than an eight-hour day.

■ Davis further contends that the ALJ erred in determining that he possessed transferable public relations and record maintenance skills. After reviewing the record, we hold that there is substantial evidence to support the ALJ's conclusion that Davis possessed transferable skills. Davis testified that as an apartment manager he showed apartments to prospective tenants, checked references, conducted lease signings, kept copies of leases and an index card file of tenants' names and phone numbers, collected deposits, and furnished receipts. In addition, the ALJ relied on the testimony of the vocational expert in deciding whether Davis had transferable skills. "This method of determining whether transferable skills exist is explicitly allowed by [the regulations]." *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993); *see* 20 C.F.R. § 404.1566(e) (1993).

■ We conclude that the ALJ properly disregarded the opinion of Davis's treating physician that Davis was totally disabled. A treating physician's opinion is generally entitled to substantial weight; however, such an opinion is not conclusive in determining disability status, and the opinion must be supported by medically acceptable clinical or diagnostic data. *Matthews v. Bowen*, 879

F.2d 422, 424 (8th Cir.1989). Davis submitted a short statement dated October 24, 1991, and signed by a physician assistant and staff physician at Broadlawns Medical Center. It recites Davis's medical problems and summarily concludes that "[a]s a result of these problems [Davis] is unable to work," without any explanation as to how Davis's ailments impede his ability to work. A later, more detailed statement submitted by the physician assistant and a different staff physician does not support the earlier conclusion of total disability. It states that Davis's "knee impairment would probably rate him at no more than 20% impairment of the lower extremity and this would be primarily referring to the left knee" and, "[r]elative to his coronary artery disease, he would be rated as Class III impairment of the whole person, 30–50%."

The judgment is affirmed.