963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Donald BYRAM, Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellee.
 No. 91-3647.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 15, 1992.
Filed: May 29, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald Byram appeals the judgment of the district court[1] upholding the Secretary's decision to deny Byram social security disability benefits. Byram argues that the Administrative Law Judge (ALJ) erred in failing to consider evidence of disability given by Byram's regular treating physician; the ALJ erred in referring to the Medical-Vocational Guidelines without considering the testimony of a vocational expert because the record showed that Byram suffered from nonexertional impairments that affected his ability to do light work; the ALJ failed to consider Byram's multiple impairments as disabling; and in considering Byram's subjective complaints, the ALJ failed to apply appropriately the factors set forth in Polaski v. Heckler, 751 F.2d 943, 948 (8th Cir. 1984) (subsequent history omitted). Upon careful review of the record, we affirm.
 
 
 2
 We conclude that the ALJ properly discredited Byram's subjective complaints of pain and dizziness under the Polaski standards and thus did not err in failing to obtain testimony from a vocational expert. See Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992) (because ALJ explicitly discredited subjective complaints of pain, ALJ properly refused to supplement Guidelines with vocational expert testimony). Byram's complaints at the hearing were inconsistent with the clinical evidence and his own description of his daily activities. The clinical evidence revealed that Byram's blood pressure, edema, and epigastric pain were well-controlled with medication. Byram himself stated that he walked at least a mile per day for exercise, was able to walk without getting dizzy, and helped his brother work. Although Byram stated that he did not do any household chores, he stated this was because he had other people around to do these things for him, not because he was physically incapable of performing them. Additionally, Byram's complaints were inconsistent with the reports of Dr. Hutcheson, his treating physician, regarding the duration, frequency, and intensity of Byram's pain and dizziness, the effectiveness of the medications, and the extent to which the pain and dizziness kept him from working or exerting himself. Dr. Hutcheson reported that Byram had told him that he had no chest pain and that his dizzy spells were infrequent, did not last long, and were not burdensome. Dr. Hutcheson also reported that Byram's medication was effective and did not produce side effects that could not be controlled. Finally, Dr. Hutcheson's reports indicate that Byram could return to work that did not involve operating dangerous or heavy equipment or working at elevated levels.
 
 
 3
 Byram's remaining arguments are without merit. The record reflects that the ALJ considered all evidence given by Dr. Hutcheson that was relevant to Byram's alleged disabilities. The record also reflects that the ALJ did not err in failing to find that Byram suffered from a combination of impairments that rendered him disabled.
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Garnett Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas