966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Darrell G. TOLBERT, Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Appellee.
 No. 91-3266.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 3, 1992.
Filed: June 8, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Darrell G. Tolbert appeals the judgment of the district court[1] upholding the Secretary's decision to deny Tolbert social security disability benefits. Tolbert argues that the Administrative Law Judge (ALJ)(1) erred in concluding that Tolbert could perform sedentary work on a continual basis; (2) failed to develop the record to clarify what Tolbert's regular treating physician meant by his statement that Tolbert was "disabled for work"; and (3) failed to give proper consideration to Tolbert's nonexertional impairment of pain, and thus, erred in failing to solicit testimony from a vocational expert as to whether there were jobs in the economy that Tolbert could perform. Tolbert also argues that the district court erred in failing to remand the case to the Secretary for consideration of additional medical evidence. Upon careful review of the record, we affirm.
 
 
 2
 We conclude the ALJ properly considered Tolbert's nonexertional impairment of pain and found that it did not prevent Tolbert from performing sedentary work. Therefore, the ALJ was not required to obtain testimony from a vocational expert. See Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992) (Secretary must solicit vocational expert testimony to establish that there are jobs in economy that claimant can perform only if claimant has nonexertional impairment that diminishes his capacity to perform jobs listed in Guidelines). Tolbert testified that he had pain where his bones were broken, but that the pain was intermittent and did not last long. He further stated that his pain was "not really bad," and he would "get rid of it" by moving "in a different position." The medical records presented to the ALJ indicated that, by May 1989, all of Tolbert's fractures had healed except for his femoral fracture which had not completely healed. The reports of Tolbert's regular physician indicated that Tolbert had not complained of any major pain. Furthermore, Tolbert's admissions that he had the functional capacity to walk one-quarter of a mile with crutches, stand for fifteen minutes, sit for an hour without shifting his position, lift fifty pounds, drive his automobile, and reach, push, and pull with his hands, supported the ALJ's determination that Tolbert did not have any significant nonexertional limitations in his ability to perform sedentary work. Although we have stated that the ability to perform sedentary work "is not the ability merely to lift weights occasionally in a doctor's office [but] is the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world," see McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc), we believe the evidence that Tolbert lacked any significant pain supported the ALJ's finding that Tolbert could perform sedentary work on a sustained basis.
 
 
 3
 Even if the ALJ had construed Tolbert's physician's opinion that Tolbert was "disabled for work," to mean that he was disabled for any work and not just his past work as a carpenter, we conclude the ALJ did not err in discounting it because the opinion was not supported by the evidence available at the time of the ruling. See Turpin v. Bowen, 813 F.2d 165, 171 (8th Cir. 1987). There was nothing in the physician's reports to indicate that Tolbert's injuries prevented him from walking, sitting, moving, reaching, and lifting, as Tolbert himself had testified.
 
 
 4
 Finally, we conclude that the district court did not err in denying Tolbert's request for a remand under Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986) (holding that in order to obtain remand for consideration of additional evidence, claimant must establish good cause exists for failure to submit evidence at administrative level, there is reasonable probability administrative results will change, and new evidence is noncumulative). Tolbert's testimony and the medical evidence presented to the ALJ indicated that Tolbert's femoral fracture had not completely healed and might require further surgery. Thus, the additional evidence relating to this injury was cumulative, as the district court concluded. Evidence concerning arthritis and pain in Tolbert's ankle was not cumulative, but Tolbert did not show a reasonable probability that this evidence would change the administrative result. Because Tolbert's insured status has not yet expired, it appears that Tolbert may file a new claim for disability based on evidence which became available after December 1989.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Clyde S. Cahill, Senior United States District Judge for the Eastern District of Missouri