Rayford LONG, S.S.N.: 432–26–6426, Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services of the United States, Appellee.

No. 93–1857.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1993.

Decided March 29, 1994.

Anthony William Bartels, Jonesboro, AR, argued for appellant.

Martin W. Long, Dallas, TX, argued for appellee.

Before HANSEN, Circuit Judge, JOHN R. GIBSON,[*] Senior Circuit Judge, and MELLOY,[**] District Judge.

HANSEN, Circuit Judge.

Rayford Long appeals the district court's[1] order affirming the decision of the Secretary of Health and Human Services ("the Secretary") denying Long's request to have his award of widower's benefits made retroactive to June of 1985 instead of to July of 1986, the time he made an application for Supplemental Security Income (SSI) benefits. Long argues that under 42 U.S.C. § 402(j)(5), his award should have been made retroactive to June of 1985 because his failure to apply for widower's benefits until July of 1986 was the result of misinformation he received about his eligibility for benefits from employees of the Social Security Administration (SSA) in June of 1985. We find that although the question is quite close, there is substantial evidence to support the Secretary's decision and we affirm the district court.

## I.

Rayford Long was married in 1943, and divorced in 1964. His wife remarried and died in 1973. Long turned 60 in 1985. Long asserts that he decided to apply for widower's benefits sometime in 1985 after hearing from a family member that he might be eligible. Long alleges that on or about June 1, 1985, Aubrey Adamson drove him to the Social Security Office in Jonesboro, Arkansas, and that Long talked with four named women in the office about widower's benefits. Long says the women told him he was not eligible for widower's benefits because he and his wife were divorced at the time she died. He contends that the SSA employees encouraged him to apply for SSI benefits instead, which he declined to do because he had recently been denied SSI benefits on two occasions. The Jonesboro Social Security Office has no record of his alleged visit, and the employees of the office have no recollection of his alleged visit.

Approximately one year later, in July of 1986, Long applied for SSI benefits. He was awarded SSI benefits in September of 1987. Long alleges that about that time he read an SSA handbook and discovered that he should have been awarded widower's benefits. He made an application for the widower's benefits, which the SSA awarded on October 11, 1987. The SSA made the award retroactive to his July 1986 application for SSI benefits.

Long requested that the award of widower's benefits be made retroactive to June of 1985, the time he alleges he first attempted to apply for the benefits and was told by SSA employees that he was not eligible. The request was denied on the ground that he did not file an application for any benefits before July of 1986. Long requested and received a hearing before an administrative law judge (ALJ) on the denial of the retroactive award. The ALJ denied his request to make the award retroactive to 1985. The Administrative Appeals Council denied his request for review.

Long then filed an action in the United States District Court to review the ALJ's determination. The district court granted the Secretary's motion for summary judgment, but subsequently amended the order

[*] The HONORABLE JOHN R. GIBSON was an active judge at the time this case was argued and became a Senior Circuit Judge on January 1, 1994.

[**] The HONORABLE MICHAEL J. MELLOY, Chief United States District Judge for the Northern District of Iowa, sitting by designation.

1. The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, presiding by the consent of the parties pursuant to 28 U.S.C. § 636(c).

and remanded to the Secretary to determine the effect of a then-recent amendment to 42 U.S.C. § 402(j). The amended version of 42 U.S.C. § 402(j)(5) allows an applicant who relied on misinformation from an SSA employee in failing to file an earlier application for benefits to receive benefits retroactive to the date the misinformation was provided or the date the applicant qualified for benefits, whichever was later.

On remand, the ALJ considered the question without an additional hearing and found that Long's failure to apply for benefits before July of 1986 was not the result of misinformation he received from an SSA employee. The ALJ specifically found (1) that the evidence did not support Long's contention that he visited the Jonesboro Social Security Office in June of 1985 and (2) that he did not receive any misinformation about widower's benefits in 1985 from SSA personnel. Accordingly, the ALJ again denied Long's request to make the award of widower's benefits retroactive to June of 1985. The appeals council declined to assume jurisdiction over the case. (Tr. 255.) Long again sought review in the district court and the district court affirmed the ALJ's decision. Long then filed this appeal.

## II.

Long argues that the district court erred in affirming the ALJ's finding that Long did not rely on misinformation from an SSA employee and, therefore, was not entitled to the benefit of 42 U.S.C. § 402(j)(5). Our standard of review in this case is as follows:

Our review of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the Secretary's decision. This requires us to do more than merely parse the record for substantial evidence supporting the Secretary's decision. We also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

*Robinson v. Sullivan,* 956 F.2d 836, 838 (8th Cir.1992) (internal citations omitted).

The key questions in this case are whether Long made a 1985 visit to the Jonesboro Social Security Office to discuss his eligibility for widower's benefits and, if so, what if anything he was told. Long testified that he made the office visit in June of 1985, discussed widower's benefits with named employees of the office, and was told he did not qualify. Long also presented the affidavit of his friend, Aubrey Adamson, who asserted that he accompanied Long to the Jonesboro office in June of 1985, and heard an SSA employee tell Long he was not qualified for widower's benefits. The Secretary presented statements from employees of the Jonesboro office who stated that they did not remember a 1985 visit from Long. The Secretary also introduced evidence that the Jonesboro office did not have any record of a 1985 visit from Long. Further, the woman Long named as the employee who actually told him he was ineligible, Betty Radcliff, was a computer input clerk in 1985 who had no occasion to interview the public about claims. Of the other three employees Long named, one worked solely on SSI claims and would not have handled a Title II widower's benefits applicant, one worked as a development clerk, and no one with the fourth name supplied by Long was ever employed in the Jonesboro office. The ALJ found that Long never made an office visit in 1985, relying on the evidence introduced by the Secretary.

We first find that the Secretary's evidence regarding the lack of a written record of Long's visit does not support the ALJ's decision. There is no evidence that the Jonesboro office kept a record of visitors who called on the office but did not end up applying for benefits. Even without this evidence, however, there were two competing versions about whether Long made the visit to the Jonesboro office in 1985. Long and Adamson said that Long made the visit. The employees of the Jonesboro office said that they did not recall such a visit. The ALJ chose to believe the Jonesboro office employees and the evidence that they did not handle widower's benefits claims as part of their work.

"We are to give great deference to the ALJ's determination of credibility." *Britton v. Sullivan*, 908 F.2d 328, 331 (8th Cir.1990) (internal quotation omitted). We may not reject an ALJ's credibility determination if it is supported by substantial evidence. *Johnson v. Heckler*, 744 F.2d 1333, 1338 (8th Cir.1984). Here, we find that the ALJ's credibility determination is supported by substantial evidence as defined in *Robinson*. Moreover, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, we must affirm the decision." *Robinson*, 956 F.2d at 838. We find that it was possible for the ALJ to draw two inconsistent positions from the evidence—either Long made the 1985 visit and received the erroneous advice or he did not—and the ALJ found that he did not. Hence, we conclude, based on *Robinson*, that we must affirm.

## IV.

The district court did not err in finding that the ALJ's decision denying Long's request to make his award of benefits retroactive to June of 1985 was supported by substantial evidence. Accordingly, we affirm the judgment of the district court.