46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
James R. ALEXANDER, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 94-2826.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 27, 1995.
Filed: Feb. 6, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Alexander appeals from the final order entered in the district court[1] affirming the decision of the Secretary of Health and Human Services to deny Alexander's application for disability insurance benefits (DIB). We affirm.
 
 
 2
 Alexander, who was born October 3, 1946, and worked as a heavy equipment operator for various logging companies and as a self- employed logger and chicken farmer, filed an application for DIB on February 25, 1992, alleging disability since October 15, 1991, due to a back injury resulting from an automobile accident on that date. His application was denied initially and on reconsideration.
 
 
 3
 In December 1992, a hearing was held before an Administrative Law Judge (ALJ), at which Alexander and one of his friends testified. After analyzing Alexander's subjective complaints of pain under the criteria set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), the ALJ found Alexander's complaints of disabling pain were not credible. The ALJ also declined to place any significant probative weight on the testimony of Alexander's friend because of their close relationship. The ALJ determined, based on Alexander's testimony and the medical evidence, that while Alexander could not return to his past work as a heavy equipment operator, he retained the capacity to perform a full range of sedentary work. Applying the Medical Vocational Guidelines found at 20 C.F.R. Sec. 404.1569 and Rule 201.19, Table No. 1 of Appendix 2, Subpart P, the ALJ concluded that Alexander was not disabled. The Appeals Council denied further review, and Alexander sought judicial review. The district court concluded there was substantial evidence to support the Secretary's decision and granted the Secretary's motion for summary judgment.
 
 
 4
 This court's task is limited to a determination of whether the Secretary's decision is supported by substantial evidence in the record as a whole. See Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992) (standard of review). Alexander argues that the ALJ failed to give sufficient weight to his treating physician's opinions. While it is true that the opinion of a treating physician is entitled to great weight, Gude v. Sullivan, 956 F.2d 791, 793 (8th Cir. 1992), Alexander's treating physician did not express opinions regarding Alexander's functional limitations which contradicted the ALJ's finding that Alexander retained the residual functional capacity to perform sedentary work. Cf. Piercy v. Bowen, 835 F.2d 190, 191-92 (8th Cir. 1987) (decision reversed and remanded when Secretary failed to give adequate weight to treating physician's opinions about claimant's functional limitations).
 
 
 5
 Alexander also argues that the ALJ failed to properly consider his subjective complaints of pain based on the Polaski factors. To determine whether the ALJ properly applied the Polaski factors, this court must consider whether the ALJ took into account all the relevant evidence, and whether the claimant's own testimony contradicted the evidence in the record so that the ALJ could discount the testimony for lack of credibility. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). After a careful review of the record, we conclude the ALJ properly discredited Alexander's testimony regarding his subjective complaints of pain. See Robinson v. Sullivan, 956 F.2d 836, 839-40 (8th Cir. 1992) (ALJ may discount claimant's subjective complaints of pain if inconsistent with record). We also conclude the ALJ did not err in discounting the testimony of Alexander's friend. See Brockman v. Sullivan, 987 F.2d 1344, 1347 (8th Cir. 1993).
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The HONORABLE JIMM LARRY HENDREN, United States District Judge for the Western District of Arkansas