**Stacia JACOBS on Behalf of Justin JACOBS, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. 3–94–CV–10142.**

United States District Court,
S.D. Iowa,
Davenport Division.

May 11, 1995.

---

**7.** The ADA incorporates the procedural requirements of Title VII as well as the remedy limita-

tions. 42 U.S.C. § 12117(a).

489

John A. Bowman, Davenport, IA, for plaintiff.

Gary L. Hayward, Asst. U.S. Atty., Des Moines, IA, for defendant.

### ORDER

LONGSTAFF, District Judge.

The court has before it plaintiff's appeal of the Secretary's decision which found the claimant's application date for Supplemental Security Income to be January 5, 1993. The government has filed its brief in support of an order affirming the Secretary.

### I. PROCEDURAL HISTORY

The applicant, Stacia Jacobs, applied for and has been granted benefits pursuant to Title XVI, Supplemental Security Income (SSI), for her minor child, Justin, born September 19, 1988. The claimant appeals the Secretary's decision to use January 5, 1993, as the date the application for SSI was protectively filed. Instead, the claimant argues that an earlier protective filing date should be used. The Appeals Council refused the request for review, and the decision of the Administrative Law Judge (ALJ) is the final decision of the Secretary. Pursuant to 42 U.S.C. § 1383(c)(3), this court may review the final decision of the Secretary.

### II. FACTUAL BACKGROUND

Shortly after his birth, Justin was diagnosed with an attention deficit disorder. According to Justin's parents, inquiries to the Social Security office regarding his eligibility were made as early as one month following

his birth. However, each time they inquired into his eligibility, they were informed their household income exceeded the SSI maximum allowable income, and as a result, never filled out an application.

There is no written record of any oral contacts the Jacobs may have made with the a social security office prior to January 1993. Although the local office keeps a record of oral inquiries, the record is purged on a regular basis when there is no written application made later. The ALJ made inquiries regarding the possibility that such records occurred but the local office responded that such records, if existed, had been destroyed.

## III. DISCUSSION OF APPLICABLE LAW

 A court must affirm the decision of the Secretary if substantial evidence on the record as a whole supports the decision. 42 U.S.C. § 405(g). "Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion." *Whitehouse v. Sullivan*, 949 F.2d 1005, 1007 (8th Cir.1991). A court may not reverse merely because substantial evidence would have supported an opposite decision. *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir.1992).

Jacobs asserts it was error for the Secretary to fail to use an earlier protective filing date.

### A. Protective Filing Date Using Oral Inquiry Date

 An oral application for SSI benefits may be made and is considered protectively filed on the date of the inquiry if a formal written application is completed within sixty days after the Department sends the applicant notice of the need to fill out a form. 20 C.F.R. § 416.325. The Social Security Administration (SSA) have records detailing Jacobs' contacts with the district office in January 1993. She completed a formal SSI application for Justin on March 24, 1993. Because the local office had documented the earlier oral contacts, the application was considered protectively filed as of January 5, 1993.

The ALJ made an affirmative finding that there were "oral inquiries into eligibility to supplemental security income in the past." Tr. at 17. However, he discounted the claimant's argument that any earlier oral contact dates should be used as the protective filing date because there was no written application which followed the oral inquiry. Regardless of earlier oral inquiries, a written application must be made in order to be eligible for SSI benefits, and there was no such application in this case until March 1993.

Jacobs argues she wrote to Senator Tom Harkin's office sometime prior to May 1991, and that at the very least, the date of the Senator's response should serve as her written application for benefits. There is no record of Jacobs' original letter to Senator Harkin's office, and the response from his office only refers to Justin's brother, Clayton. Although Jacobs may have referred to Justin in her letter to Senator Harkin, there is substantial evidence in the record as a whole to support the Secretary's finding that the Harkin letter did not qualify as a written application for SSI benefits on behalf of Justin, and therefore, there was no protective application prior to January 1993.

### B. Misinformation

Even if no formal application was filed, if an applicant receives misinformation regarding eligibility for benefits, and that information causes the claimant to fail to file an application, there may be an earlier application date established. 20 C.F.R. 416.351(a). To be eligible for this earlier filing date, the regulations specify that the following circumstances must be met:

(1) The misinformation must have been provided to you by one of our employees while he or she was acting in his or her official capacity as our employee. For purposes of this section, an employee includes an officer of SSA.

(2) Misinformation is information which we consider to be incorrect, misleading, or incomplete in view of the facts which you gave to the employee, or of which the employee was aware or should have been aware, regarding your particular circum-

stances, or the particular circumstances of the person referred to in paragraph (b)(2)(i) of this section. In addition, for us to find that the information you received was incomplete, the employee must have failed to provide you with the appropriate, additional information which he or she would be required to provide in carrying out his or her official duties.

(3) The misinformation may have been provided to you orally or in writing.

(4) The misinformation must have been provided to you in response to a specific request by you to us for information about your eligibility for benefits or the eligibility for benefits of the person referred to in paragraph (b)(2)(i) of this section for which you were considering filing an application.

20 C.F.R. § 416.351(c).

Jacobs contends when she inquired as to SSI eligibility, she was informed her household income exceeded the maximum allowable income and was not given an application to complete. She alleges this misinformation prevented her from filing an application for benefits to which she would otherwise be entitled to receive. Because the regulations regarding misinformation were not adopted at the time of his opinion, the ALJ did not address the misinformation issue. His decision instead concerned only whether a formal application was filed as required by 20 C.F.R. § 416.345.

### 1. Retroactivity

■ The Secretary argues that because the misinformation regulations were adopted August 31, 1994, they are not applicable to the ALJ's April 15, 1994 decision. The regulation states: "This section applies only to misinformation which we provided on or after December 19, 1989. In addition, this section is effective only for benefits payable for months after December 1989." 20 C.F.R. § 416.351(g). Based on this language, the misinformation regulations are applicable to any alleged misinformation given after December 19, 1989.

### 2. Merits of Misinformation Claim

■ The Secretary argues the claimant cannot prove that misinformation was given because "[t]here is no evidence of proof of earnings. There is no evidence of the amount of income that plaintiff's parents actually reported to the district offices." Defendant's Brief at 10–11.

The issue of whether misinformation was given to the Jacobs is a factual one to be determined by the Secretary. The ALJ has already found that earlier contacts with the district office were made. Tr. at 17, Finding # 3. The reply from Senator Harkin and the letters from the treating sources serve as further sources of credibility that Jacobs did inquire about SSI benefits for Justin. Tr. at 85–86; Attachment to Plaintiff's Brief. Therefore, the only issue to be determined is what information was given to the district office and what information was received in response. Although there are no written records in the SSA district office, in making a determination of whether misinformation was given, the Secretary is required by its own regulations to consider any notice, letter, or other document addressed to Jacobs from the SSA, any records of prior contact, and "other evidence, including your statements about the alleged misinformation, to determine whether we gave you misinformation which caused you not to file an application." 20 C.F.R. § 416.351(d). Further, the Secretary will consider the information given to the district office and the information that is given in response. Finally, in order to assess the likelihood that the employee provided the alleged misinformation, the ALJ may consider evidence of what the Jacobs' actual household income was at the time of the contacts, and whether that income would, in fact, preclude an award of SSI benefits. 20 C.F.R. § 416.351(d)(2)(iv).

Because the ALJ did not consider whether there was misinformation given to the claimant, the case is remanded for determination of that issue. *Long v. Shalala*, 21 F.3d 206, 207 (8th Cir.1994) (review of determination of whether claimant relied on misinformation from SSA employee).

### IV. CONCLUSION

For the forgoing reasons,

IT IS ORDERED that the decision of the Secretary is reversed and the case is re-

manded for further proceedings consistent with this order. The Clerk of Court shall immediately enter judgment for plaintiff which triggers the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act). *See Shalala v. Schaefer,* — U.S. —, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).