74 F.3d 1244
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Carolyn C. STROER, Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration, Appellee.
 No. 95-2278WM.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 5, 1996.
Decided Jan. 19, 1996.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carolyn C. Stroer appeals the district court's grant of summary judgment affirming the Commissioner of Social Security's decision to deny Stroer disability insurance benefits and supplemental security income. We affirm.
 
 
 2
 The Administrative Law Judge (ALJ) found Stroer's complaints of fatigue and associated functional limitations resulting from childhood polio somewhat incredible because of inconsistencies in her testimony about her reported activities. Having reviewed the record, we conclude the ALJ properly considered the criteria in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.1984) (later history omitted), in discounting Stroer's subjective complaints and exertional limitations. We believe the ALJ properly formulated the hypothetical question including only those impairments and resulting limitations found to be credible. See Rappoport v. Sullivan, 942 F.2d 1320, 1323-24 (8th Cir.1991) (hypothetical question need only include claimant's limitations found credible). The evidence also supports the ALJ's hypothetical supposition that Stroer possessed the ability to do very light work if provided an opportunity to sit frequently. Considering the evidence that supports and detracts from the ALJ's decision, we conclude the decision is supported by substantial evidence in the record as a whole. See Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir.1992).
 
 
 3
 We also conclude Stroer has not established she was denied due process because the district court used a summary-style opinion. The district court stated it had "reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing and the additional medical and documentary evidence." The district court's use of identical language in other orders does not imply that it "rubber stamped" the agency's decision.
 
 
 4
 Affirmed.