_____

No. 95-2953SI
_____

Marcia Prew,                              *
                                          *
              Appellant,                   *
                                          *   Appeal from the United States
     v.                                    *   District Court for the Southern
                                          *   District of Iowa.
Shirley S. Chater, Commissioner            *
of Social Security,                        *   [UNPUBLISHED]
                                          *
              Appellee.                     *
_____

                        Submitted:  May 1, 1996

                        Filed:  May 7, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____


PER CURIAM.


       Marcia Prew appeals the district court's order upholding the
Commissioner's denial of disability insurance benefits.  For the reasons
discussed below, we affirm.


       We conclude the Commissioner's decision that Prew could perform her
past relevant work is supported by substantial evidence on the record as
a whole.  See Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)
(standard of review).  The Administrative Law Judge (ALJ) properly
discounted the 1992 and 1993 statements of the treating physicians because
those statements contained vocational opinions or were unsupported by
medical records contemporaneous to Prew's last insured date.  See Nelson
v. Sullivan, 946 F.2d 1314, 1316-17 (8th Cir. 1991) (per curiam) (medical
testimony is not conclusive on the ultimate issue of disability); Jones v.
Chater, 65 F.3d 102, 104 (8th Cir. 1995) (where impairment onset date is

critical, retrospective medical opinions alone are usually not sufficient). Further, the ALJ correctly used the criteria listed in <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir. 1984), in assessing Prew's credibility. Finally, the ALJ posed a proper hypothetical question to the vocational expert based on Prew's credible limitations. <u>See</u> <u>Starr v. Sullivan</u>, 981 F.2d 1006, 1008 (8th Cir. 1992) (vocational expert's response to hypothetical question provides substantial evidence where hypothetical question sets forth with reasonable precision the claimant's impairments); <u>Rappoport v. Sullivan</u>, 942 F.2d 1320, 1323 (8th Cir. 1991) (hypothetical question need only include claimant's limitations found credible).

We thus affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.