89 F.3d 841
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Marcia PREW, Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security, Appellee.
 No. 95-2953SI
 United States Court of Appeals, Eighth Circuit.
 Submitted May 1, 1996.
Filed May 7, 1996.
 
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Marcia Prew appeals the district court's order upholding the Commissioner's denial of disability insurance benefits. For the reasons discussed below, we affirm.
 
 
 2
 We conclude the Commissioner's decision that Prew could perform her past relevant work is supported by substantial evidence on the record as a whole. See Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir.1992) (standard of review). The Administrative Law Judge (ALJ) properly discounted the 1992 and 1993 statements of the treating physicians because those statements contained vocational opinions or were unsupported by medical records contemporaneous to Prew's last insured date. See Nelson v. Sullivan, 946 F.2d 1314, 1316-17 (8th Cir.1991) (per curiam) (medical testimony is not conclusive on the ultimate issue of disability); Jones v. Chater, 65 F.3d 102, 104 (8th Cir.1995) (where impairment onset date is critical, retrospective medical opinions alone are usually not sufficient). Further, the ALJ correctly used the criteria listed in Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984), in assessing Prew's credibility. Finally, the ALJ posed a proper hypothetical question to the vocational expert based on Prew's credible limitations. See Starr v. Sullivan, 981 F.2d 1006, 1008 (8th Cir.1992) (vocational expert's response to hypothetical question provides substantial evidence where hypothetical question sets forth with reasonable precision the claimant's impairments); Rappoport v. Sullivan, 942 F.2d 1320, 1323 (8th Cir.1991) (hypothetical question need only include claimant's limitations found credible).
 
 
 3
 We thus affirm.