United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-3528

Marilyn Walker o/b/o        *

Brian Walker,        *

       *

      Appellant,        *

       *    Appeal from the United States

v.        *    District Court for the

       *    Eastern District of Arkansas

Kenneth Apfel,        *

Commissioner, Social        *

Security Administration,        *

       *

      Appellee.        *

_____

Submitted: March 13, 1998
Filed: April 9, 1998

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, Circuit Judges, and NANGLE, Senior District Judge.[1]

_____

NANGLE, Senior District Judge.

     Appellant in this case appeals the grant of summary judgment by the United States Magistrate Judge for the Eastern District of Arkansas in favor of Appellee. This

_____

[1]The Honorable John F. Nangle, Senior Judge, United States District Court for the Eastern District of Missouri, by designation.

case stems from the denial of Supplemental Security Income benefits to Marilyn Walker's son, Brian.

Judicial review of the final decision of the Commissioner to deny benefits is limited to whether there is substantial evidence in the record as a whole to support the decision. Comstock v. Chater, 91 F.3d 1143, 1145 (8th Cir. 1997). Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992). Erroneous interpretations of law will be reversed. Ingram v. Chater, 107 F.3d 598, 601 (8th Cir. 1997).

On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (Welfare Reform Act), Pub. L. No. 104-193, 110 Stat. 2105 (1996), which amended § 1614(a)(3) of the Social Security Act, 42 U.S.C. 1382c(a)(3). Under the new law, in order to qualify for disability benefits, a child's impairment or combination of impairments must cause more serious limitations than the old law and regulations required. See 20 C.F.R. § 416.924. Since Marilyn Walker's application for benefits was pending as of the date of the enactment of the Welfare Reform Act, the new law and regulations apply to this case. P.L. 104-193, § 211(d)(1)(A)(ii). The ALJ found Brian not disabled under the old, less restrictive standard. The Magistrate Judge correctly determined that if substantial evidence supported the ALJ's determination that Brian was not disabled under the old law, the same result would be reached under the new, more restrictive law. Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997). Accordingly, we will determine whether the claimant was properly denied benefits under the old law.

To determine whether a child is entitled to disability benefits, the prior regulations required the ALJ to apply a four-step sequential evaluation:[2] (1) Is the child engaged in substantial gainful activity? If so, benefits are denied; if not, the evaluation proceeds to step two. (2) Does the child have an impairment or combination of impairments that is severe? If not, benefits are denied; if so, the evaluation is continued to the next step. (3) Does the child have a medically determinable impairment that meets or medically equals a listed impairment that is presumed disabling? If so, and the duration requirement is met, benefits are awarded; if not the evaluation continues. (4) Is the impairment of comparable severity to impairments that would disable an adult? If so, and the duration requirement was met, benefits are awarded. If not, benefits are denied. 20 C.F.R. § 416.924(b)-(f). The ALJ determined that although he was not engaged in substantial gainful activity, Brian did not have a severe impairment as defined at step 2, and halted the sequential evaluation.

Brian has consistently scored between 65 and 69 on IQ tests, and results of other tests indicate mild mental retardation. His parents testify that Brian is not responsible, and withdraws from others. His teachers testify that he functions well in school, and has good concentration ability, even though his core classes are special education classes. Brian has testified that he thinks he can handle a job, and at the time of the supplemental hearing, he had applied for several. Brian goes to sporting events with friends, has a driver's license, goes shopping, and does chores around the house. He

---

[2]The supplemental hearing occurred while Brian was 19, an adult. The sequential evaluation is the same for adults and children at steps 1 and 2. See 20 C.F.R. § 416.920 (determination of disability for adults); 20 C.F.R. 416.924 (determination of disability for children). The ALJ's determination that Brian is not disabled as an adult mirrored the determination that he was not disabled as a child. For the sake of simplicity, since the evidence presented at the hearing concerned Brain's ability as a child, this Court will only analyze Brian's disability once, under the standard for children.

has no physical impairment other than nearsightedness that is corrected by glasses. The ALJ found that the longitudinal evidence that Brian functions well at school and in social settings belied any severe impairment, and halted the evaluation at step 2. The Commissioner accordingly denied disability benefits to Marilyn Walker.

This Court finds that there is substantial evidence to support the Commissioner's decision to deny benefits. Accordingly, the judgment of the lower court is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.