# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1504

_____

|  |  |  |
|---|---|---|
| Gregory J. Rosenow, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Kenneth S. Apfel, Commissioner of the | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: May 6, 1999
Filed: May 12, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Gregory J. Rosenow appeals from the district court's[1] grant of summary judgment in favor of the Social Security Commissioner, upholding the decision to deny Rosenow's application for disability insurance benefits. Rosenow had alleged he could not work primarily because of back, neck, shoulder, leg, and groin pain, numbness in his fingers, headaches, and depression. For reversal, he challenges the credibility

_____

[1]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, adopting the report and recommendations of the HONORABLE ARTHUR J. BOYLAN, United States Magistrate Judge for the District of Minnesota.

findings and residual functional capacity assessment made by the administrative law judge (ALJ) after the original and supplemental hearings. Rosenow also argues the Commissioner did not meet his burden of identifying a significant number of jobs Rosenow could perform.

Having carefully reviewed the record, taking into consideration evidence in the record that supports as well as detracts from the Commissioner's final decision, we conclude the district court properly granted summary judgment in favor of the Commissioner. See Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992) (standard of review). "[I]t is the statutory duty of the ALJ, in the first instance, to assess the credibility of the claimant," Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992), and we believe the ALJ's findings were in conformity with Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). In addition, the ALJ properly concluded that, to the extent Rosenow's back pain, headaches, and depression were controlled by medication, those impairments were not disabling, see Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993); and even if the evidence would support a contrary conclusion, that does not establish a basis for reversal, see Robinson, 956 F.2d at 838 (appellate court must affirm if it is possible to draw two inconsistent positions from evidence and one of those positions represents agency's findings).

We also conclude that the record supports the ALJ's assessment of Rosenow's residual functional capacity, that the hypothetical question posed to the vocational expert at the supplemental hearing fairly encompassed Rosenow's limitations, and that the ALJ could therefore rely on the vocational expert's testimony in concluding Rosenow was capable of gainful employment. See Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996) (vocational expert's testimony based on properly phrased hypothetical question constitutes substantial evidence); Davis v. Shalala, 31 F.3d 753, 755 (8th Cir. 1994) (hypothetical question is sufficient if it sets forth impairments ALJ accepted as true).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.