48 F.3d 1224
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Billie J. MALMQUIST, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 94-1103.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 14, 1995.
Filed: Feb. 17, 1995.
 
 Appeal from the United States District Court for the District of Minnesota.
 D.Minn.
 REMANDED.
 Before FAGG, BOWMAN, AND MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Billie J. Malmquist appeals from the final order of the District Court affirming the decision of the Secretary of Health and Human Services to deny Malmquist's application for disability insurance benefits. For the reasons discussed below, we remand with directions.
 
 
 2
 Malmquist applied for benefits in May 1989, claiming she became disabled in June 1987 as a result of a back injury and depression. The Social Security Administration (SSA) denied Malmquist's application initially and on reconsideration. Upon Malmquist's request, the SSA scheduled a hearing before an Administrative Law Judge (ALJ).
 
 
 3
 Following a December 1990 hearing, the ALJ issued his decision. In it, the ALJ acknowledged his duty according to the requirements set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), to evaluate the evidence relating to subjective complaints of pain, and he articulated the factors he was to apply. The ALJ noted that Malmquist was not undergoing active treatment or therapy; that her only prescriptive pain medication was Ansaid; that her daily activities included driving for twenty to thirty minutes, doing housework, washing dishes, cooking, doing laundry, and shopping; and that there was no evidence that she experienced appetite or sleep disturbance due to pain or that she needed to lie down and take naps every day. The ALJ also found Malmquist not fully credible because her testimony on cross-examination contradicted her prior statements and the medical evidence. The ALJ concluded that Malmquist did not have any combination of impairments that would preclude her from performing her past relevant work and, thus, she was not disabled.
 
 
 4
 When Malmquist sought judicial review, the District Court concluded that the ALJ's decision was supported by substantial evidence. In her appeal to this court, Malmquist argues that the ALJ improperly discounted her subjective complaints of pain and failed to fully develop the record regarding her depression.
 
 
 5
 In assessing a claimant's subjective complaints of pain, the ALJ must consider the following factors: the claimant's daily activities; the duration, frequency, and intensity of the pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and any functional restrictions. Polaski, 739 F.2d at 1322. To determine whether the ALJ properly applied these factors, we must consider whether he took into account all of the evidence relevant to complaints of pain, and whether the claimant's own testimony contradicted the evidence in the record so that the ALJ could discount the testimony for lack of credibility. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987).
 
 
 6
 Carefully read, the record does not indicate that Malmquist regularly drives, cooks, or shops. The record, however, does indicate that she suffers from sleep disturbances, that she testified that she must frequently elevate her feet-not nap-to relieve her pain, and that severe adverse side-effects prevented her from taking prescription pain medication. Additionally, our review of the hearing transcript reveals that Malmquist did not contradict her prior testimony after the vocational expert testified. The ALJ also placed great weight on a February 1989 functional capacities evaluation, but he apparently did not consider evidence that Malmquist had to undergo physical therapy afterward because the evaluation aggravated her condition. We therefore conclude that the ALJ did not consider all the relevant evidence when he applied the Polaski factors, see id., and that the ALJ's decision to discredit Malmquist's testimony because it was inconsistent is not supported by substantial evidence, see Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992). Absent justifiable reasons for discounting Malmquist's subjective complaints of pain, we do not believe the decision that Malmquist could perform her past relevant work is supported by substantial evidence on the record as a whole.
 
 
 7
 Regarding Malmquist's other argument on appeal, we conclude that the record was adequately developed as to her alleged mental impairment. See Bishop v. Sullivan, 900 F.2d 1259, 1263 (8th Cir. 1990). The record includes Malmquist's testimony and clinical evaluations covering a four-year period.
 
 
 8
 Accordingly, we remand to the District Court with directions to remand this case to the Secretary for a proper evaluation of the Polaski factors.