53 F.3d 336
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 J.B. WILLIAMS, Jr., Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security, Appellee.
 No. 94-3340EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 26, 1995.
Filed: May 2, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 J.B. Williams, Jr. applied for disability insurance benefits alleging disability because of a gunshot wound to his groin in 1989. After a hearing, an Administrative Law Judge (ALJ) denied benefits, and the district court upheld the decision.
 
 
 2
 On appeal, Williams argues the ALJ wrongly concluded he did not suffer from a severe impairment, see 20 C.F.R. Sec. 404.1520(c) (impairment must significantly limit ability to do basic work activities), and improperly discredited his subjective complaints of pain. We disagree. The ALJ correctly determined Williams produced no credible evidence that his impairment restricted the basic work activities listed in 20 C.F.R. Sec. 404.1521(b). The medical evidence showed Williams had received no treatment for his groin injury since his routine postoperative care in 1989. Although the ALJ may not reject subjective complaints of disabling pain solely because of a lack of medical evidence, the absence of medical evidence is a factor the ALJ may consider. See Beeler v. Bowen, 833 F.2d 124, 126-27 (8th Cir. 1987). Having carefully reviewed the record, we conclude the ALJ properly applied the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), to discredit Williams's subjective complaints.
 
 
 3
 We also reject Williams's argument that the ALJ did not fulfill his duty to develop the record fully and fairly. See Bishop v. Sullivan, 900 F.2d 1259, 1262 (8th Cir. 1990). We conclude the ALJ's decision is supported by substantial evidence on the record as a whole. See Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992).
 
 
 4
 Accordingly, we affirm.