**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RANDY D. PRUITT,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-5128
(D.C. No. CV-94-915-W)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. Civ. P. 25(d)(1), the district court substituted Shirley S. Chater, Commissioner of Social Security, for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. In the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

[**]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Randy D. Pruitt appeals from an order of the district court affirming the Secretary's decision denying his application for Supplemental Security Income benefits (SSI). Mr. Pruitt filed for SSI on January 13, 1992. In his application, he alleged disability due to a back injury. Other problems, including abdominal pain with hernia surgery, generalized pain including joint pain, carpal tunnel syndrome, mental retardation, pancreatitis, and depression surfaced during the administrative process. Mr. Pruitt's requests were denied initially and on reconsideration. Following a de novo hearing on October 14, 1993, an administrative law judge (ALJ) determined that he was not disabled within the meaning of the Social Security Act. Mr. Pruitt thereafter filed a complaint in district court, and the case was assigned to a magistrate judge for final disposition by consent of the parties. See 28 U.S.C. § 636(c)(1). The magistrate judge affirmed the Secretary's decision, and Mr. Pruitt appealed to this court.

We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Andrade v. Secretary of

Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989)(quotation omitted).

The Secretary has established a five-step evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step disability test). When the analysis reaches step five, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy. Id. at 751.

The ALJ determined that Mr. Pruitt retained the residual functional capacity (RFC) to perform medium work, subject to certain exertional and non-exertional limitations. Given his RFC, the ALJ further determined that Mr. Pruitt could not return to his past relevant work. Reaching step five, however, he found that there were jobs within the national economy which Mr. Pruitt could perform. The ALJ applied the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpt. P, App. 2 (the grids) as a framework, considered testimony from a vocational expert, and concluded that Mr. Pruitt was not disabled.

Mr. Pruitt contends that the ALJ failed to develop the record concerning his depression, which resulted in a decision lacking in substantial evidence. Where

objective evidence of depression appears in the record, the ALJ must develop the record concerning depression and its effect on the claimant's ability to work. See Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996).

The ALJ carefully questioned both Mr. Pruitt and his wife at the hearing concerning his depression. Mr. Pruitt testified that he underwent counseling for depression at Grand Lake Mental Health Center (Grand Lake) in February through July 1993. He attended counseling sessions once a week. At the time of the October hearing, Mr. Pruitt indicated that he was still depressed, and that his depression stemmed from lack of funds and from his physical limitations. His wife testified that Mr. Pruitt was subject to explosive outbursts, that depression led him to suicidal ideation, and that he went on a shooting spree in January or February 1993 and was placed in jail.

There is objective corroboration in the record for Mr. Pruitt's claim that he is depressed, in the form of a letter from Sandra Dover, a counselor at Grand Lake. Ms. Dover indicated that Mr. Pruitt obtained outpatient counseling at Grand Lake. She described his condition as follows:

> The current diagnosis for Mr. Pruitt is Depressive Disorder Not Otherwise Specified. This means that Mr. Pruitt reports symptoms of depression which are recurrent, but which do not meet the criteria for any specific mood disorder. In my opinion, this appears to be a chronic state for Mr. Pruitt. Psychosocial stressors such as

inadequate finances and chronic pain can complicate or exacerbate the depressive symptoms.

R., Vol. II at 350.

The ALJ found this description of Mr. Pruitt's depression, though expressed by a counselor with a bachelor's degree, sufficiently credible that he factored the depression into his analysis all the way to step five. Although he did not find the depression to be so severe to meet or equal a listing, he concluded that Mr. Pruitt's depression, along with his borderline intellectual functioning and hostile and avoidant feelings, "often" results in "Deficiencies of Concentration, Persistence or Pace Resulting in Failure to Complete Tasks in a Timely Manner." Id. at 32; see also id. at 23. The ALJ also found that his depression and other mental problems had only "slight" effect on his activities of daily living, and on his ability to maintain social functioning, and "never" resulted in episodes of deterioration or decompensation in a work-like setting. Id. at 23-24, 32. Based on these findings, the ALJ concluded that Mr. Pruitt's mental impairments imposed only moderate limitations in his ability to maintain attention and concentration.

These findings, to the extent they evaluated the limitations imposed by Mr. Pruitt's depression on his mental RFC, are unsupported by any medical evidence in the record.[1] The ALJ must base his evaluation of a claimant's mental

impairments on "evidence from qualified mental health professionals." See

Bishop v. Sullivan, 900 F.2d 1259, 1263 (8th Cir. 1990).  By statute, the

Secretary is required to make every reasonable effort to ensure that a qualified

psychiatrist or psychologist assesses the claimant's mental RFC.  42 U.S.C.

§ 421(h).  If the ALJ completes the PRT form himself, the record must contain

substantial, competent evidence to support his conclusions.  See Cruse v. United

States Dep't of Health & Human Servs., 49 F.3d 614, 617-18 (10th Cir. 1995).

The counselor's one-page summary statement, which contains no discussion of the

effect of Mr. Pruitt's depression on his ability to work, is not substantial,

competent evidence of Mr. Pruitt's ability to work.  The ALJ should have

developed the record further by obtaining such evidence.

The prejudicial effect of the ALJ's failure to develop the record is

particularly evident in the questions he posed to the vocational expert (VE)

concerning Mr. Pruitt's depression.  He asked the VE whether "moderate

depression" or unspecified "depressive symptoms" could affect Mr. Pruitt's

ability to do other work.  R. Vol. II at 93.  This question does not incorporate any

---

[1]     The Secretary argues that since a counselor with a bachelor's degree is not an "acceptable source" of medical evidence, see 20 C.F.R. § 416.913(a), the ALJ had no duty to accept her diagnosis of depression or to inquire further.  We need not decide this point, since the ALJ did accept the diagnosis of depression and concluded that depression had an effect on the claimant's mental RFC.  Once he made that determination, it was his responsibility to ensure that the record was fully developed, with appropriate medical evidence concerning the depression.

specific, functional restriction. The Secretary has recognized that the reaction of persons with mental impairments to the demands of work is highly individualized. See S.S.R. 85-15. A proper examination of Mr. Pruitt might have assisted the ALJ in posing a more specific hypothetical to the VE.

The ALJ, in a further hypothetical, incorporated the restrictions described by Mr. Pruitt and his wife during the hearing. The VE replied that Mr. Pruitt's ability to do other work would depend on the degree to which his concentration had been affected. The ALJ responded by asking the VE to measure Mr. Pruitt's ability to concentrate at work by assuming that he could not watch television for an hour. R., Vol. II at 94-95. It is unclear what relevance this question had to the performance of actual job duties. Specific medical evidence would have assisted the ALJ in better expressing Mr. Pruitt's nonexertional capacity in terms of work-related functions. See S.S.R. 96-8p.

The ALJ's failure to develop the record is particularly egregious, because this is a step five case. In step five cases, the burden is on the Secretary to show that the claimant can do other work in the national economy, based on substantial evidence in the record. See Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993) (Secretary must order consultative examination, if necessary to determine RFC at step five). Substantial evidence is missing here.

Mr. Pruitt argues that further development should include a consultative examination. We agree. The Secretary has broad latitude in deciding whether to order consultative examinations. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 778 (10th Cir. 1990). Here, however, Mr. Pruitt has shown objective evidence of a condition which requires further development, see Howell v. Sullivan, 950 F.2d 343, 348-49 (7th Cir. 1991), and that a final determination cannot be made because the evidence as a whole is insufficient to support a decision, see 20 C.F.R. § 416.919a(b). Under these circumstances, a consultative examination is required.

Mr. Pruitt also complains that the Appeals Council should have developed the record further after his representative informed it that he had been court-committed to a mental hospital. While this issue technically has been waived by Mr. Pruitt's failure to raise it before the district court, see Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994), since we remand based on the record before the ALJ, the Secretary on remand should also take all necessary steps to obtain any pertinent, available medical records connected with the alleged hospitalization.

Finally, Mr. Pruitt complains of various documents missing from the administrative record presented to the district court and this court.[2] There is no

---

[2]     The Secretary does not argue that the missing documents, had they been present in the record, would demonstrate that she fulfilled her duty to develop.

indication that his counsel brought this problem to the attention of the district court. Although the Secretary has the responsibility to assemble the record for purposes of review, see 42 U.S.C. § 405(g), counsel for the claimant cannot simply remain silent in the district court proceedings concerning deficiencies in the record, and then assert those deficiencies as further support for reversal in this court. In the event of further court review of this and other cases, we admonish Mr. Pruitt's counsel to bring any deficiencies in the assembed administrative record to the attention of the district court.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and this case is REMANDED, with instructions to the district court to REMAND this case to the Secretary for further proceedings in accordance with this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge