**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MAURICIO MEDINA,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

      Defendant-Appellee.

No. 98-2170
(D.C. No. CIV-97-69-M)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

---

Plaintiff [1] appeals from an order of the district court affirming the

Commissioner's decision denying his applications for social security disability

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

benefits and for Supplemental Security Income (SSI). [2] We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. See Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998). Exercising jurisdiction under 42 U.S.C. § 405(g), we remand for further proceedings, holding that substantial evidence does not support the Commissioner's decision.

Plaintiff alleges disability since May 11, 1990, due to back and leg pain. He has had three back surgeries in less than four years, has a ninth grade education, speaks Spanish, and has past relevant work experience as a farm and oil field laborer. Applying the Commissioner's five-step evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), the Administrative Law Judge (ALJ) found that plaintiff has lumbar disc disease and cannot perform his past work. The ALJ further found that plaintiff retains the residual functional capacity to perform the sedentary job of stone setter, which permits alternating standing and sitting. See Appellant's App., Administrative R. at 17-18. Accordingly, the ALJ concluded that plaintiff was not disabled and denied disability benefits and SSI.

---

[2] Plaintiff had filed a previous SSI application in late 1993, which was denied on initial consideration. The Administrative Law Judge determined that it was unnecessary to determine whether the denial of the prior claim should be reopened and revised.

It is settled that a claimant bears the burden of proving disability. [3] See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993). See generally 20 C.F.R. §§ 404.1512(a), (c); 416.912(a), (c) (requiring claimant to furnish evidence regarding impairments and their effect on his ability to work). Although the plaintiff has the burden of providing medical evidence proving disability, the ALJ has the duty to fully and fairly develop the record as to material issues. See Carter v. Chater, 73 F.3d 1019, 1021 (10th Cir. 1996). This duty applies even when, like here, the plaintiff is represented by counsel. See Baca v. Department of Health & Human Servs., 5 F.3d 476, 479-80 (10th Cir. 1993). The ALJ's duty "is one of inquiry, ensuring that the ALJ is informed about facts relevant to his decision and learns the claimant's own version of those facts." Henrie, 13 F.3d at 361 (quotations and brackets omitted). Thus, the ALJ bears responsibility for ensuring "an adequate record is developed during the disability hearing consistent with the issues raised." Id. at 360-61.

If evidence from the plaintiff's treating doctor is inadequate to determine if the plaintiff is disabled, the Commissioner must first recontact the treating doctor to determine if additional needed information is available. See 20 C.F.R. §§ 404.1512(e); 416.912(e). Also, where the medical evidence in the record is in conflict or is inconclusive, "a consultative examination is often required for

---

[3] Plaintiff's insured status for disability benefits ended June 30, 1992.

-3-

proper resolution of a disability claim." Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997) (step two); see also 20 C.F.R. §§ 404.1512(f); 416.912(f) ("If the information we need is not readily available from the records of your medical treatment source, or we are unable to seek clarification from your medical source, we will ask you to attend one or more consultative examinations at our expense."); Hawkins, 113 F.3d at 1169 (suggesting ALJ should order consultative examination when record establishes reasonable possibility of disability and result of examination could be expected to assist in resolving disability issue); Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir. 1993) ("It matters that the ALJ did not order a consultative examination . . . because the medical evidence in the record is inconclusive and does not provide substantial support for findings of [plaintiff's] RFC level or how many jobs she can perform despite her impairments."); Dozier v. Heckler, 754 F.2d 274, 276 (8th Cir. 1985) (reversible error for ALJ not to order consulting examination when examination is necessary for informed decision).

In this case, the ALJ did not meet his burden of fully and fairly developing the record. The medical records presented are insufficient to determine whether plaintiff was disabled for any twelve-month period of time. The medical evidence consists primarily of treatment notes of plaintiff's treating doctor, who performed his second and third surgeries. The notes alone are confusing and are insufficient

to draw reliable conclusions about plaintiff's alleged disability. They do, however, establish that plaintiff presented sufficient medical evidence to warrant further investigation of his physical condition.        See Hawkins , 113 F.3d at 1169.

Because the ALJ did not have sufficient facts before him to make an informed decision, his decision is not supported by substantial evidence. Under the circumstances, we remand [4] under 42 U.S.C. § 405(g) for the ALJ to further develop the record. The ALJ is urged to obtain a summary and evaluation from plaintiff's treating doctor of plaintiff's disability during the relevant time period with a clear indication of the permanency of plaintiff's condition and/or a detailed evaluation from a consulting doctor who personally examines plaintiff. Cf. Bishop v. Sullivan  , 900 F.2d 1259, 1263 (8th Cir. 1990) (remanding for ALJ to develop record by directing interrogatories to plaintiff's doctor or by ordering consulting examination). After the evidence of plaintiff's impairments is further developed, the Commissioner should reevaluate plaintiff's impairments and reconsider his applications for disability benefits and SSI. Also, the ALJ should expressly rule on reopening of the prior SSI denial.

---

[4]     In remanding, we do not reach the specific arguments plaintiff makes on appeal:  (1) his impairments meet or equal one of the listings; (2) evidence supports his claim of disabling pain; (3) the ALJ's hypothetical question to the vocational expert was not based on the medical records; and (4) the ALJ failed to discuss, give great weight to, or make separate findings regarding his treating physician's numerous statements that he is disabled or temporarily disabled.

The judgment of the district court is VACATED, and the case is REMANDED with directions to remand to the Commissioner for further development of the record.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge